UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 23-cr-64-2 (JRT/DTS)

UNITED STATES OF AMERICA,

    Plaintiff,

v.

(2) CARSON THOMAS MCCOY,

    Defendant.

**PLEA AGREEMENT AND SENTENCING STIPULATIONS**

The United States of America and **CARSON THOMAS MCCOY** agree to resolve this case on the terms and conditions that follow. This plea agreement binds only the defendant and the United States Attorney's Office for the District of Minnesota. This agreement does not bind any other United States Attorney's Office or any other federal, state, or local agency.

1.   **Charges**. In exchange for the concessions of the United States contained in this plea agreement, the defendant voluntarily agrees to plead guilty to Counts Two and Five of the Indictment. Count Two charges the defendant with Aiding and Abetting Carjacking in violation of Title 18, United States Code, Section 2119(1). Count Five charges the defendant with Felon in Possession of a Firearm, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(8). The defendant fully understands the nature and elements of the crimes charged and is pleading guilty because he is guilty as charged. The government further agrees that it will not bring other charges against the defendant based on facts learned in the investigation of the defendant's conduct that are known to the government as of the date of this plea agreement.

1



2. **Factual Basis**. By pleading guilty, the defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt:

**Count 2:**

In the very early hours of February 3, 2022, the defendant, Jordan James Smith, and others broke into a local car dealership. The group stole several vehicles, including an unlicensed red GMC Acadia. Later that morning, at 8:30 a.m., the Minneapolis Police Department responded to a hit-and-run accident. The defendant had been joyriding the red GMC Acadia and following Jordan James Smith—who was driving a blue Honda Accord with the defendant's sister, Kaitlyn McCoy, in the passenger seat—when he ran a stop sign and struck another vehicle. The defendant abandoned the red GMC Acadia, asked the victim if she was okay, and ran to enter the blue Honda Accord driven by Jordan James Smith. But, before leaving the area, Jordan James Smith approached the damaged vehicle, pointed a gun at the driver, and said "give me your purse of I'll fucking kill you." Jordan James Smith returned to the blue Honda Accord with the victim's iPhone, housekeys, and a child's backpack. The blue Honda Accord then fled the scene of the accident

Shortly thereafter, the group decided it needed a vehicle unassociated with the hit-and-run accident. At approximately 9:00 a.m., the group noticed the driver of a silver Honda Accord—bearing Minnesota license plate 287VXM and vehicle identification number 1HGCG16522A077738—parked in a residential area. The defendant exited the blue Honda Accord with Jordan James Smith and approached the silver Honda Accord. Jordan James Smith approached the driver's side window while the defendant approached from the passenger's side of the vehicle. Jordan

James Smith tapped on the driver's side window with a black gun that had a red camouflage slide—a gun the defendant knew to be associated with Jordan James Smith—while the defendant used his hand to pantomime that he also possessed a gun. The driver of the silver Honda Accord, R.W., exited his vehicle and, as he attempted to retrieve his wallet, Jordan James Smith threatened R.W. with his gun. R.W. complied. Jordan James Smith, the defendant, and Kaitlyn McCoy then drove off in the silver Honda Accord.

The defendant agrees that he aided and abetted the carjacking of R.W., which used force, violence, and intimidation with the intent to cause bodily harm to obtain the silver Honda Accord from the person and presence of R.W. The defendant further agrees that the identified silver Honda Accord was shipped, transported, and received in interstate and foreign commerce.

**Count 5:**

On August 10, 2022, at approximately 1:00 p.m., the defendant parked a stolen black BMW sedan in front of a residence in Ham Lake, Minnesota. The defendant used a pry device to enter the residence and proceeded to steal numerous items from inside, including a Springfield Armory .45 caliber Model XD Mod-2 semi-automatic pistol bearing serial number GM439089. The defendant then fled in the stolen black BMW.

Less than 30 minutes later, law enforcement responded to a road-rage incident involving a black BMW sedan. A group of motorcyclists reported nearly colliding with a black BMW sedan after which the driver—later identified as the defendant—fired a handgun into the air from the sunroof of the vehicle. Shortly thereafter, law

3

enforcement officers located the black BMW sedan and attempted a traffic stop. The defendant fled, collided with a marked patrol car, and ultimately crashed into a tree. A subsequent search of the black BMW sedan revealed, among other things, the Springfield Armory semi-automatic pistol the defendant had stolen from the Ham Lake residence, another handgun, baggies of controlled substances, and the false identification card the defendant used to test drive the black BMW sedan before he stole it.

The Springfield Armory .45 caliber Model XD Mod-2 semi-automatic pistol bearing serial number GM439089 was manufactured outside the State of Minnesota, and necessarily traveled in interstate commerce before the defendant possessed it on August 10, 2022.

The defendant possessed the firearm on August 10, 2022, having previously been convicted of the following crimes, each of which was punishable by imprisonment for a term exceeding one year:

| Felony Offense | Place of Conviction | Date of Conviction (On or About) |
|---|---|---|
| Financial Transaction Card Fraud | Hennepin County, MN | May 11, 2022 |
| Fleeing Peace Officer in Motor Vehicle | Hennepin County, MN | May 11, 2022 |
| Burglary, 3rd Degree | Hennepin County, MN | May 11, 2022 |

Similarly, prior to August 10, 2022, the defendant knew he had been convicted of at least one offense punishable by imprisonment for a term exceeding one year.

Accordingly, the defendant admits that, on August 10, 2022, he knowingly possessed the Springfield Armory .45 caliber Model XD Mod-2 semi-automatic pistol bearing serial number GM439089. He further stipulates and agrees that he acted voluntarily and knew that his actions violated the law.

3. **Waiver of Pretrial Motions**. The defendant understands and agrees that he has certain rights to file pretrial motions in this case. As part of this plea agreement and based on the concessions of the government within this plea agreement, the defendant knowingly, willingly, and voluntarily waives his right to file and litigate pre-trial motions in this case.

4. **Waiver of Constitutional Trial Rights.** The defendant understands that he has the right to plead not guilty and go to trial. At trial, the defendant would be presumed innocent, have the right to a jury trial or—in certain circumstances—to trial by the Court, the right to the assistance of counsel, the right to confront and cross-examine adverse witnesses, the right to subpoena witnesses to testify for the defense, the right to testify and present evidence, and the right to be protected from compelled self-incrimination. By pleading guilty, the defendant knowingly, willingly, and voluntarily waives each of these rights, except the right to counsel. The defendant understands that a guilty plea is a complete admission of guilt and, if the Court accepts the guilty plea, the Court will adjudge the defendant guilty without a trial.

5. **Additional Consequences**. Because of this conviction, the defendant understands that he could experience additional consequences, such as losing the right to carry firearms, vote, serve on a jury, and hold public office.

6. **Statutory Penalties**. The defendant understands that Count Two of the Indictment (Aiding and Abetting Carjacking, in violation of Title 18, United States Code, Section 2119(1)) carries the following maximum statutory penalties:

    a. a maximum imprisonment term of ~~20~~ 15 years;

    b. a maximum supervised release term of 3 years;

    c. a maximum fine of $250,000;

    d. an assessment to the defendant for the costs of prosecution, as authorized by 28 U.S.C. §§ 1918(b) and 1920; and

    e. a mandatory special assessment of $100.

    f. mandatory restitution in an additional amount to be determined by the Court.

The defendant understands that Count Five of the Indictment (Felon in Possession of a Firearm, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(8)) carries the following maximum statutory penalties:

    g. a maximum imprisonment term of 15 years;

    h. a maximum supervised release term of 3 years;

    i. a maximum fine of $250,000;

    j. an assessment to the defendant for the costs of prosecution, as authorized by 28 U.S.C. §§ 1918(b) and 1920; and

    k. a mandatory special assessment of $100.

7. **Guidelines Calculations**. The parties acknowledge that the defendant will be sentenced in accordance with 18 U.S.C. § 3551, *et seq*. The parties also acknowledge that the Court will independently consider the United States Sentencing Guidelines in determining the appropriate sentence. Nothing in this plea

agreement should be construed to limit the parties from presenting any relevant evidence to the Court at sentencing. The parties stipulate to the following guidelines calculations:

a) Count 2 (Aiding and Abetting Carjacking)

1. Base Offense Level. The parties agree that the base offense level is **20**. U.S.S.G. § 2B3.1(a).

2. Specific Offense Characteristics. The parties agree to the application of the following specific-offense characteristics, which increase the base offense level:

   i) **5** levels because a firearm was brandished during the commission of the offense. U.S.S.G. § 2B3.1(b)(2)(C).

   ii) **2** levels because the offense involved carjacking. U.S.S.G. § 2B3.1(b)(5).

3. Adjusted Offense Level. The parties agree that the adjusted offense level for Count 2, prior to any adjustment for acceptance of responsibility, is **27** (20+5+2).

b) Count 5 (Felon in Possession)

1. Base Offense Level. The parties agree that the base offense level is **14**. U.S.S.G. § 2K2.1(a)(6).

2. Specific Offense Characteristics. The parties agree to the application of the following specific-offense characteristics, which increase the base offense level:

   i) **2** levels because the firearm was stolen. U.S.S.G. § 2K2.1(b)(4)(A).

   ii) **4** levels because the firearm was possessed in connection with another felony offense. U.S.S.G. § 2K2.1(b)(6)(B).

3. Chapter 3 Adjustments. The parties agree that the base offense level should be increased by **2** levels because the defendant recklessly created a substantial risk of death or serious bodily harm to another person while fleeing a law enforcement officer. U.S.S.G. § 3C1.2.

7

4. <u>Adjusted Offense Level</u>. The parties agree that the adjusted offense level for Count 5, prior to any reduction for acceptance of responsibility, is **22** (14+2+4+2).

c) <u>Grouping & Combined Offense Level</u>. The defendant's counts of conviction do not group under the Guidelines. U.S.S.G. § 3D1.2(d). The parties agree that Count 2 represents the higher total offense level of 27, and accounts for 1 unit. U.S.S.G. § 3D1.4(a). Because the adjusted offense level for Count 5 is 5 levels less serious, it accounts for one-half additional unit. U.S.S.G. § 3D1.4(b). This results in a **one-level increase** to the adjusted total offense level. U.S.S.G. § 3D1.4. Accordingly, the defendant's combined offense level is **28**. U.S.S.G. § 3D1.4.

d) <u>Acceptance of Responsibility</u>. The government agrees to recommend that the defendant receive a **2-level reduction** for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a). Whether the reduction will be imposed shall be determined by the Court in its discretion. In exercising its discretion, the defendant understands that the Court likely will consider the following occurrences: (1) the defendant's truthful testimony during the change of plea and sentencing hearings; (2) the defendant providing full, complete, and truthful information to the United States Probation Office in the pre-sentence investigation; and (3) the defendant engaging in no conduct inconsistent with acceptance of responsibility before the time of sentencing.

The government also agrees to move for an additional **1-level reduction** because the defendant timely notified the government of his intention to plead guilty. U.S.S.G. § 3E1.1(b).

e) <u>Criminal History Category</u>. The parties believe that, at the time of sentencing, the defendant will fall into Criminal History **Category V**. U.S.S.G. § 4A1.1. This does not constitute a stipulation, but a belief based on an assessment of the information currently known. The defendant's actual criminal history and related status will be determined by the Court based on the information presented in the Presentence Report and by the parties at the time of sentencing. The defendant understands that if the presentence investigation reveals any prior adult or juvenile sentence that should be included within his criminal history under the U.S. Sentencing Guidelines, the defendant will be sentenced based on his true criminal history category, and

neither the government nor the defendant will be permitted to withdraw from this Plea Agreement. U.S.S.G. § 4A1.

f) <u>Guidelines Range</u>. If the adjusted offense level is **25** (20+5+2+1-3), and the criminal history category is **V**, the resulting Guidelines range is **100-125 months of imprisonment**.

g) <u>Fine Range</u>. If the adjusted offense level is **25**, the Guidelines fine range is $20,000 to $200,000. U.S.S.G. § 5E1.2(c)(3).

h) <u>Supervised Release</u>. The Sentencing Guidelines recommend a supervised release term between one and three years. U.S.S.G. § 5D1.2(a)(2).

8. **Sentencing Recommendation and Departures**. The defendant is free to recommend whatever sentence he deems appropriate, including reserving the right to make a motion for a departure or variance from the applicable Guidelines range and to argue for a sentence outside the applicable Guidelines range. The government agrees to argue for a sentencing at the bottom of the applicable Guidelines range. If the Court does not accept the sentencing recommendation of either party, the defendant will have no right to withdraw his guilty plea.

9. **Discretion of the Court**. The foregoing stipulations are binding on the parties, but do not bind the Court. The parties understand that the Sentencing Guidelines are advisory, and their application is a matter that falls solely within the Court's discretion. The Court will make its own determination regarding the applicable Guidelines factors and the applicable criminal history category. The Court may also depart or vary from the applicable Guidelines range. If the Court determines that the applicable Guidelines calculations or the defendant's criminal history category is different from that stated above, the parties may not withdraw from this

9

agreement, and the defendant will be sentenced pursuant to the Court's determinations.

10. **Revocation of Supervised Release**. The defendant understands that if he were to violate any supervised release condition while on supervised release, the Court could revoke the defendant's supervised release, and the defendant could be sentenced to an additional term of imprisonment up to the statutory maximum set forth in 18 U.S.C. § 3583(e)(3). *See* U.S.S.G. §§ 7B1.4, 7B1.5. The defendant also understands that as part of any revocation, the Court may include a requirement that the defendant be placed on an additional term of supervised release after imprisonment, as set forth in 18 U.S.C. § 3583(h).

11. **Special Assessment**. The Guidelines require payment of a special assessment of $100 for each felony conviction, which becomes due and payable upon sentencing. U.S.S.G. § 5E1.3.

12. **Restitution**. The defendant understands and agrees that 18 U.S.C. § 3663A (the Mandatory Victim Restitution Act) applies to Count Two of the Indictment and that the Court is required to order the defendant make restitution to the victims of the defendant's conviction for aiding and abetting carjacking. The defendant agrees that the Court may order the defendant to make restitution to any victims of his crime regardless of whether that victim is included in the count of conviction. The parties agree to resolve the amount of restitution owed to the victims of the defendant's crime prior to sentencing.

13. **Forfeiture**. The defendant agrees to forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United

States Code, Section 2461(c), any firearm with accessories and any ammunition involved in the defendant's violation of Title 18, United States Code, Section 922, including specifically, but not limited to, the Springfield Armory .45 caliber Model XD Mod-2 semi-automatic pistol bearing serial number GM439089, as charged in Count Five of the Indictment, along with any corresponding ammunition.

The defendant agrees that the United States may, at its option, forfeit such property through civil, criminal, or administrative proceedings, waives any deadline or statute of limitations for the initiation of any such proceedings, and abandons any interest she may have in the property. The defendant waives all statutory and constitutional defenses to the forfeiture and consents to the destruction of the firearms and ammunition.

14. **Waivers of Appeal and Collateral Attack**. The defendant hereby waives the right to appeal any non-jurisdictional issues. This appeal waiver includes, but is not limited to, the defendant's waiver of the right to appeal guilt or innocence, sentence and restitution, and the constitutionality of the statutes to which the defendant is pleading guilty. The parties agree, however, that excluded from this waiver is an appeal by the defendant of the substantive reasonableness of a term of imprisonment that exceeds a term of imprisonment of 100 months. The defendant also waives the right to petition under 28 U.S.C. § 2255, except if such a petition is based upon a claim of ineffective assistance of counsel or a retroactive change in the law that makes the defendant's conviction or sentence illegal. The defendant has discussed these rights with the defendant's attorney, understands the rights being

waived, and waives these rights knowingly, intelligently, and voluntarily. The United States agrees to waive its right to appeal the imposed sentence.

15. **FOIA Requests.** The defendant knowingly, willingly, and voluntarily waives all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act and the Privacy Act of 1974, 5 U.S.C. §§ 552, 552A.

16. **Complete Agreement**. The defendant acknowledges that he has read this plea agreement and has carefully reviewed each provision with his attorney. The defendant further acknowledges that he understands and voluntarily accepts every term and condition of this plea agreement. This plea agreement, along with any agreement signed by the parties before entry of the plea, is the entire agreement and understanding between the United States and the defendant.

Date: April 11, 2023

ANDREW M. LUGER
United States Attorney

BY: JORDAN L. SING
Assistant United States Attorney

Date: April 11, 2023

CARSON THOMAS MCCOY
Defendant

Date: April 11, 2023

MANVIR K. ATWAL
MATTHEW DEATES
Counsel for Mr. McCoy

12